IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCUS LANG DOWNIE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-115-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed *pro se* by petitioner MARCUS LANG DOWNIE. [ECF 3]. At the time he initiated this federal habeas proceeding, petitioner was incarcerated at the Clements Unit in Potter County, Texas pursuant to a 3-year sentence assessed on March 28, 2016 for his conviction of the felony offense of possession of a controlled substance out of Nueces County, Texas. *State v. Downie*, No. 15-CR-0633-F.

By his habeas application, petitioner does not challenge his holding conviction or sentence; rather, he challenges the "denial of parole/reinterview." [ECF 3 at 2]. At the time of his filing, the online Offender Information Search website maintained by the Texas Department of Criminal Justice reflected the Texas Board of Pardons and Paroles (the "Parole Board") denied petitioner parole on July 7, 2016[1] for the following reasons:

    **1D CRIMINAL HISTORY -** THE RECORD INDICATES THAT THE

---

[1]Petitioner became eligible for parole on December 14, 2016.

OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.

**2D NATURE OF OFFENSE -** THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY.

**3D DRUG OR ALCOHOL INVOLVEMENT** - THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.

**5D ADJUSTMENT DURING PERIODS OF SUPERVISION** - THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.

Petitioner appears to specifically claim he is being held unlawfully because respondent and/or the Parole Board did not follow the appropriate, required statutory procedures in considering his release to parole, in reconsidering the denial of his release to parole, and in scheduling petitioner's next parole review.[2] As relief in this federal habeas corpus proceeding, petitioner requested the Court order respondent or the Parole Board to (1) attempt "informal resolution" of petitioner's complaints; (2) grant petitioner emergency release to a mental health facility for rehabilitation, treatment and care for his drug addiction and mental illness; or (3) grant petitioner emergency release to parole because he had served 128% (or 27 ½ months flat and accrued good time) of his sentence.[3]  [*Id*. at 7].

In September 2019, it came to this Court's attention, through filings in numerous other

---

[2]Petitioner asserts:  (1) the Parole Board did not follow the Texas Government Code to ensure mental patients get rehabilitation, treatment, and parole; and (2) the Parole Board violated his due process rights when it failed to re-interview him after initially denying his release to parole.

[3]It appears petitioner did not file an application with the state for habeas corpus relief with regard to the parole decision prior to initiating the instant federal habeas proceeding; thus, he failed to exhaust his state court remedies before coming to federal court.

cases initiated by petitioner that are pending in this Court, that petitioner had been released from custody to parole or as a result of his sentence being discharged. Consequently, on September 26, 2019, the Court issued an *Order to Show Cause Why Case Should Not be Dismissed* directing petitioner to show cause why his case should not be dismissed as moot because the relief petitioner seeks in this federal habeas corpus proceeding is no longer available. [ECF 15]. On October 4, 2019, the Court's Order was returned undelivered with the notations, "RTS" and "Discharged." [ECF 16]. Inquiry to respondent's online website reflects petitioner is no longer confined in a TDCJ prison facility.

As noted above, petitioner's only requested relief in this proceeding is an order from the Court requiring respondent or the Parole Board to attempt "informal resolution" of petitioner's complaints, or grant petitioner emergency release to a mental health facility or to parole. It appears to the Court that petitioner has received a parole review and has been released from incarcerated custody to parole, or has fully discharged his 3-year sentence. Consequently, the relief petitioner seeks in this federal habeas corpus proceeding is no longer available. Accordingly, the instant federal habeas corpus petition should be DISMISSED as moot.[4]

Alternatively, petitioner's case should be dismissed for want of prosecution. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). Petitioner has failed to apprise the Court of the status of his parole review, his actual release to parole or the discharge of his sentence, or that he has received

---

[4] If the instant petition was not now moot, the undersigned still would have recommended petitioner's application be dismissed as it lacks an arguable basis in law. Absent a protected liberty interest in attaining parole, petitioner could not show he was denied parole in violation of the Due Process Clause or other constitutional protections, or that he was otherwise entitled to federal habeas corpus relief. Having no liberty interest in parole, petitioner's application did not state a claim on which federal habeas relief could be granted and his petition was subject to dismissal with prejudice.

the relief he was seeking in this proceeding. Moreover, petitioner has failed to file a change of address with the Court as required by the Local Civil Rules for the Northern District of Texas. See Civil Rule 1.1(c)(2), 83.13, 83.14. Such neglect also warrants dismissal.

For the above reasons, petitioner's habeas corpus application should be DISMISSED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MARCUS LANG DOWNIE be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 8, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).